**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MATTHEW HOSKINS,          )
                                    )
   Claimant Below-Appellant   )
   and Cross-Appellee,        )
                                    )
          v.                )
                                    )   C.A. No. N23A-06-004 CEB
AMAZON.COM,            )
                                    )
   Employer Below-Appellee   )
   and Cross-Appellant.       )

Submitted: August 30, 2024
Decided: October 24, 2024

### ORDER DENYING MOTION FOR ATTORNEY'S FEES

This is hopefully the last pleading to be resolved in this matter. After a ruling that saw the Court affirm a decision of the Industrial Accident Board ("IAB" or "Board") in favor of the Amazon.com ("Employer"), Matthew Hoskins ("Claimant") has moved the Court for an award of attorney's fees. For the following reasons, the motion will be denied.

1. The underlying merits of the IAB's ruling are set out in this Court's Opinion in *Hoskins v. Amazon.com*.[1] In essence, Claimant was injured in a workplace accident and received worker's compensation for a total disability. In this dispute, he sought additional compensation to pay for

---

[1] 2024 WL 3509282 (Del. Super. July 23, 2024).

back surgery that he said was necessitated by the injury. Employer convinced the IAB that the need for surgery was not caused by the workplace injury but rather a pre-existing condition that Claimant failed to disclose to his treating physicians. Thus, Claimant's credibility was a singular focus of the proceedings below.

2. Award of attorney fees on appeal to Superior Court are governed by 19 *Del. C.* §2350(f), which allows the Superior Court, "at its discretion" to award Claimant attorney fees "where claimant's position in the hearing before the Board is affirmed on appeal."[2] The Claimant's position before the Board was that he was entitled to additional compensation for a back surgery. The IAB held he was not, which was affirmed on appeal.

3. The basis for Claimant's belief in an entitlement to attorney fees comes from a wrinkle in the proceedings. In addition to Claimant's petition for additional compensation, the Employer filed a Petition for Review, seeking to end Claimant's entitlement to any further compensation at all. But the Employer's medical expert testimony, whose opinion was central to making the case against any further compensation, was disallowed by the

---

[2] 10 *Del. C.* §2350(f). "The Superior Court has discretion to award an attorney's fee in an appeal from the [Industrial Accident] Board to the Superior Court." *Murtha v. Cont'l Opticians, Inc.*, 729 A.2d 312, 315 (Del. Super. 1997) (citing 10 *Del. C.* §2350(f)).

Board on procedural grounds, due to some late disclosures before expert depositions were taken. Thus, the IAB denied the Employer's Petition for Review, essentially because the Employer's testimony in support had been excluded from the hearing. That ruling was cross-appealed by the Employer, but the Superior Court did not rule on the cross-appeal, mistakenly believing it had not been briefed.[3] Whether Superior Court ruled upon Employer's petition or not, however, the result would have been either 1) a ruling in support of the Board's procedural rules excluding the expert testimony or 2) reversal of the Board's ruling and a remand to consider the expert's testimony on the Employer's Petition for Review. Neither ruling would have been a direct repudiation of Employer's Petition for Review and neither ruling would have been a "win" for the Claimant.

4. Because the Board excluded the Employer's evidence, it did not have a basis upon which to rule on the merits of the Employer's Petition for Review and Employer's Petition was denied, essentially, by default. Had the Board considered the expert testimony and ruled on the merits of

---

[3] The cross appeal Opening Brief was a separate pleading filed within the Answering Brief on the direct appeal. *See* D.I. 16 (Opening Br.), Trans. ID 72169547 (Feb. 26, 2024). The Court was not aware of this until the Opinion was published, but in light of the fact that the relief sought – review on the merits of the Petition for Review – could only occur on a remand to the IAB, the Employer elected not to pursue the matter further, as a renewed Petition for Review by the Board was already available.

Employer's Petition, perhaps a different result obtains. But in the world of what really happened, and not the world of what might have been, the Board did not reach the merits on Employer's claim because the Claimant successfully kept the evidence out. That may have been an effective litigation strategy, but it kept the IAB from ruling on the merits and in the Court's view, did not make the Claimant a prevailing party entitled to an award of attorney fees.

In the Court's exercise of its discretion, the Claimant's motion for attorney fees will be **DENIED**.

**IT IS SO ORDERED**

/s/ **Charles E. Butler**

Charles E. Butler, Resident Judge